UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBBIE LEE GUILLEARD                          CIVIL ACTION NO. 13-cv-0078

VERSUS                                         JUDGE WALTER

N. BURL CAIN                                   MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Robbie Lee Guilleard ("Petitioner") was arrested for the armed robbery of a Shreveport payday loan business called Easy Money. He and a female accomplice were accused of robbing the business and taking the purse and other personal belongings of an employee. Police arrested Petitioner and his girlfriend, and the girlfriend gave a statement that implicated Petitioner. When Petitioner was arrested, the employee-victim's drivers license and credit cards were found in the car with him. The employee was able to identify Petitioner in a six-man photo lineup.

Judge Leon Emanuel found Petitioner guilty of armed robbery while armed with a firearm. After adjudication as a second-felony offender, the court imposed the minimum sentence of 49 and one-half years at hard labor. Petitioner appealed on a variety of issues. The appellate court found that a parole provision of the sentence was illegally lenient and corrected it so that there was no eligibility for parole; it also added five years mandated by a statute because a firearm was used in the robbery. State v. Guilleard, 26 So.3d 865 (La.

App. 2d Cir. 2009), writ denied, 44 So.3d 696 (La. 2010). Petitioner next filed a post-conviction application in state court and complained, primarily, of ineffective assistance of counsel. Tr. 549. The state courts denied the application on the merits. Tr. 579, 655, 700. Petitioner then filed with this court a petition for writ of habeas corpus. For the reasons that follow, it is recommended the petition be denied as untimely.

**Timeliness**

  **A. Court May Raise Sua Sponte**

The court often conducts a *sua sponte* examination of timeliness during the initial screening process, but the entire state court record is sometimes necessary to learn the details required to assess the limitations issue. This is such a case. With the benefit of the state court record that accompanied the State's response, the undersigned was able to determine that the petition was not filed timely.

The State did not raise the timeliness defense in its response, but a court may nonetheless raise the issue on its own, provided that notice and an opportunity to respond are afforded to the petitioner. Day v. McDonough, 126 S.Ct. 1675 (2006). This recommendation sets forth the court's position in detail and informs Petitioner of the precise timeliness issues he faces. The objections period that follows allows him a reasonable opportunity to respond to the defense. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The Supreme Court also suggested in Day that the court might inform a state that had inadvertently waived a timeliness defense that the court would entertain an amendment to the

state's answer. The State did not affirmatively waive the defense in this case, but it did not raise it either. The State is advised of that opportunity and may file a motion to amend its answer and raise the timeliness defense if it does so within the objections period that follows this Report and Recommendation.

### B. Timeliness Calculation

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner's conviction became final after direct review.

Petitioner challenged his conviction on direct appeal to the intermediate appellate court and then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on September 3, 2010. Tr. 548. Petitioner did not file a petition for certiorari to the United States Supreme Court. In these circumstances, Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Matthis v. Cain, 627 F.3d 1001, 1003 (5th Cir. 2010), citing Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009). Thus, Petitioner's conviction became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on September 3, 2010. That date is December 2, 2010.

The federal limitations clock began to tick on December 2, 2010, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations period). A Louisiana prisoner's *pro se* post-conviction application is deemed filed when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007) ("We have extended the mailbox rule to determine the filing dates for Louisiana postconviction relief PCR applications."), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). Petitioner's post-conviction application was stamped filed on September 8, 2011. Tr. 549. There is no evidence of the date Petitioner tendered the application to prison officials for mailing, but the application is signed in three places with the date September 2, 2011. Tr. 549, 568, 569. The court will grant Petitioner the benefit of any doubt and consider the application to have been filed the same day it was signed, September 2, 2011. That filing tolled the federal clock after 274 days passed.

The filing of the post-conviction application did not restart the one-year period. All time that passed between finality of the conviction and the filing of the post-conviction application counts against the one-year period. Lawrence v. Florida, 127 S.Ct. 1079, 1081-82 (2007) (explaining how tolling by post-conviction application stops the clock but does not restart it); Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998) (same).

Petitioner's post-conviction application was denied by the state courts at all levels. The final step was when the Supreme Court of Louisiana denied an application for a discretionary writ on September 14, 2012. Tr. 700; State ex rel. Robbie Lee Guilleard v.

State, 97 So.3d 1013 (La. 2012). That ended the tolling effect; the 90-day opportunity to file a petition for certiorari after the state's high court denies a post-conviction application does not continue the tolling effect of a post-conviction application. Lawrence v. Florida, 127 S.Ct. 1079 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir.1999).

With 274 days already expired, the federal clock began to run again on September 14, 2012. Petitioner had 91 days, or until (Friday) December 14, 2012, to timely file his federal petition. The federal clerk of court received the petition on January 10, 2013, after officials at the Louisiana State Penitentiary scanned and emailed the petition to the court. The federal petition benefits from a prisoner mailbox rule that deems it filed when the prisoner tenders it to prison officials for delivery to the district court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The petition was not dated by Petitioner, but it was accompanied by a cover letter from him. The prison Legal Programs Department stamped the letter as received on January 10, 2013, but Petitioner typed the date January 7, 2013 on the letter. Petitioner also handwrote January 7, 2013 on the front cover and certificate of service of his supporting memorandum. The court will give him the benefit of all doubt and assume the petition was tendered and thus filed on the day it was signed, January 7, 2013.

A total of 115 days passed between the end of post-conviction tolling on September 14, 2012 and the filing of the federal petition on January 7, 2013. When those days are added to the 274 days that expired earlier, a total of 389 untolled days passed between the finality of Petitioner's conviction and the filing of his federal habeas petition. Thus, even

with all doubts resolved in Petitioner's favor, his federal petition was filed approximately 24 days after the federal limitations period expired. The petition was untimely.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied as untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the

Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

    THUS DONE AND SIGNED at Shreveport, Louisiana, this 4th day of February, 2016.

                                    Mark L. Hornsby
                                    U.S. Magistrate Judge